UNITED STATES v. A. L. TUSKA SON & CO., INC.

**No. 4468.**—Invoices dated Kobe, Japan, February 5, March 25, 1935.
Certified February 6, March 29, 1935.
Entered at New York March 6, April 30, 1935.
Entry Nos. 83322, 818519.

Second Division, Appellate Term

(Decided December 8, 1938)

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellant.
*Strauss & Hedges* for the appellee.

Before TILSON, KINCHELOE, and DALLINGER, Judges

KINCHELOE, Judge: This is an application for review brought by the United States from a judgment rendered in these appeals to reappraisement by Judge Sullivan as sitting judge, dated March 30, 1938, Reap. Dec. 4273.

The merchandise involved consists of certain Japanese cocktail glasses manufactured in Osaka, Japan. All of the items were entered at the invoice values, less the cost of inland freight. Except as to item 12852–D, appraisement was made at the invoice unit values, plus the cost of inland freight. The *per se* value of the merchandise was advanced only in the case of item 12852–D, in which case it was entered at 1.40 yen per dozen and appraised at 1.60 yen per dozen.

The opinion of the court below states:

At the hearing counsel for the Government stated he thought the difference was in the freight item, not in the *per se* value, and evidently the Government is not contending there was an error in the *per se* value, but that the freight should not be deducted. That in my judgment is the single question involved. The appraiser allowed the freight, for he found the value to be as invoiced and entered with the exception of item 12852–D; and that such valuation included packing and inland freight.

It appears from an examination of the invoices covered by the appeals before us that the importer on entry deducted charges for inland freight in the sum of 90 yen, applicable to all of the items involved herein; and that the appraiser added back that amount in fixing his appraised value. As stated above, the only advance in the *per se* value of the merchandise was made as to item 12852–D.

As we understand the issue, two questions are presented for our determination. The first relates to the charges for inland freight from Osaka, Japan, the place of manufacture, to Kobe, Japan, the place of shipment of the merchandise. The second question for our consideration concerns the advance in the *per se* value over the entered value by the appraiser of item 12852–D.

Judge Sullivan found in favor of the importer. In other words, he held as a matter of law that the item of inland freight was properly deductible in fixing the dutiable value of the items of merchandise covered by these appeals; and that the entered value of 0.40 yen per dozen, net packed, is the proper *per se* value of item 12852–D.

The evidence introduced in the case consists of an affidavit of the owner, director, or general manager of the manufacturing company in Osaka, Japan, which was offered on behalf of the importer and admitted as Exhibit 1; and a special agent's report submitted by the Government, and which was received as Exhibit 2.

We agree with the finding of Judge Sullivan that there is no foreign market for this merchandise. The evidence submitted by both parties is conclusive on that point. The only market is an export one.

The affidavit offered by the plaintiff in the court below states, in substance, that the manufacturers, Nishida Shoten, sold to A. L. Tuska Son & Co., Inc., of New York City, through their commissionaire, from February 1, 1935, to March 30, 1935, certain items of glassware, that included item 12852–D; that said item 12852–D was sold, on or about the dates of exportation referred to, in the usual wholesale quantities, at 1.40 yen per dozen, f. o. b. Osaka, Japan, cost of packing included; that 90 per centum of the merchandise of the kind set forth in these invoices is made and sold exclusively for export; and that Osaka is one of the principal markets in Japan for glass articles of this kind; and that the prices set forth on the invoices to A. L. Tuska Son & Co., Inc., from February 1, 1935, to April 1, 1935, were the usual wholesale prices prevailing on or about the dates of exportation.

The affiant, who stated that he is the owner, director, or general manager of the manufacturers of this glassware, further testified that he is familiar with the sales made by his company; that his concern was willing to sell in similar wholesale quantities to all other purchasers of good credit on or about the dates of exportation referred to

above the same item, No. 12852–D, at 1.40 yen per dozen, cost of packing included, f. o. b. Osaka, or any other of the items set forth on the Tuska invoices at the prices indicated; and that said item 12852–D was not sold in the home market during the period from February 1, 1935, to April 1, 1935, or, if sold in the usual wholesale quantities, it was not sold at more than 1.40 yen per dozen, cost of packing included, f. o. b. Osaka.

Although the special agent's report, Exhibit 2 in the case, was made pursuant to a Treasury Department's letter dated subsequent to the dates of the invoices covered by these appeals, that report refers in no way to this particular item 12852–D. The invoices of the shipper of the instant merchandise that are referred to in the report are all dated two or three months prior to the dates of the invoices covering these importations. In fact, all of the invoices mentioned in the same report relate to time prior to these importations. The special agent's report offers nothing to dispute the statements relating to the *per se* value of item 12852–D contained in the affidavit.

The appellant has assigned as error the consideration and weight given to the affidavit offered by the importer on the ground that it lacks probative value because it merely states unsupported conclusions. While it is true that the affidavit is given in somewhat general terms, there is positive testimony contained therein that Osaka is one of the principal markets in Japan for glass articles of this kind; that 90 per centum of this class of merchandise is made and sold exclusively for export; and that the prices set forth on the invoices to this importer from February 1, 1935, to April 1, 1935, were the usual wholesale prices prevailing on or about the dates of exportation. It is also true that the special agent's report states that the purchasers of this merchandise have commissionaires in Kobe; that they purchase in Osaka; and that they ship from Kobe.

The court below held that although the record was not very complete or satisfactory, the weight of the evidence established that Osaka was a market, and that the price paid by the importer and other merchants is the Osaka price. With that conclusion, we are not inclined to disagree. We find that there is substantial evidence to warrant a finding that Osaka is a principal market, and upon such finding we hold as matter of law that the item of inland freight is properly deductible in determining the dutiable export value of the merchandise involved herein.

We have given careful consideration to each assignment of error alleged by the attorney for the appellant and we conclude that no ruling of the court below, either upon admission of evidence or its refusal to do so, or the conclusions reached by the court below as to the merits of the case, would justify this division in reversing the judgment of Judge Sullivan.

We therefore find the following facts:

1. That the merchandise in question consists of Japanese cocktail glasses manufactured in Osaka, Japan.

2. That export value, as defined in section 402 (d) of the Tariff Act of 1930, is the correct basis for the determination of the value of the instant merchandise.

3. That there is no foreign value for such or similar merchandise.

4. That Osaka is one of the principal markets in Japan for merchandise of the kind involved herein.

5. That the price paid by the importer and other merchants is the Osaka price.

6. That the correct dutiable values of the items of merchandise in question are the invoice unit values, net packed, less the item of inland freight in the amount of 90 yen, applicable to all of the items, as deducted by the importer on entry.

We hold as a matter of law that the correct dutiable values of the instant merchandise are those found in finding of fact 6, as above set out, and that the judgment of the sitting judge in this case is hereby affirmed.

Judgment will be rendered accordingly.